UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     5:23-cv-02559-SSS-AJR                Date:  December 21, 2023
                                                  Page 1 of 4

Title:     Freddy Dawoud v. Jessica Kronstadt

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On December 13, 2023, *pro se* Plaintiff Freddy Dawoud ("Dawoud"), filed a pleading entitled "Petition for Habeas Corpus Review" (the "Pleading") against California Superior Court Judge Jessica Kronstadt. (Dkt. 1.) Dawoud alleges that the "California Superior court has seized complete dominion over . . . [his] minor children in violation of the constitution, and is depriving him from his fundamental rights of care, custody, control, and rights to association, free speech with his two children . . . without legal justification and in violation of his constitutionally protected rights." (Id. at 6.)

Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). An initial review suggests the Court lacks

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:23-cv-02559-SSS-AJR | Date:  December 21, 2023 |
| | Page 2 of 4 |

Title:    Freddy Dawoud v. Jessica Kronstadt

jurisdiction over this action for the reasons outlined below.

## I.    DISCUSSION

### A.    This Court Lacks Jurisdiction Over The Action Under 28 U.S.C. § 2254.

As described above, Dawoud describes the Pleading as a habeas petition and expressly invokes the jurisdiction of this Court under 28 U.S.C. § 2254.  (Dkt. 1 at 9.)  However, this Court lacks jurisdiction under 28 U.S.C. § 2254 because Dawoud's children are not "in custody."  "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States."  Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*) (internal quotation marks omitted and emphasis in original).  The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Id. at 490–91.  Here, Dawoud appears to challenge a custody determination made by a California Superior Court Judge.  Plaintiff's children are not "in custody" as a result of a conviction or sentence.

The status of Dawoud's children does not rise to the level of "custody" required by the habeas statutes.  See Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 512–16 (1982) ("[E]xtending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts."); see also Bell v. Dep't of Social and Health Servs., 382 F. App'x 669, 670 (9th Cir. 2010) (affirming district court's ruling that it lacked jurisdiction to adjudicate habeas petitioner's challenge to constitutionality of state's termination of his parental rights and placement of his children in foster facilities); Cucalon v. Rice, 317 F. App'x 602, 603 (9th Cir.2008) ("[S]tate court judgments concerning child custody matters are beyond the purview of habeas corpus."); Anderson v. Dep't of Children and Family Servs., 2015 WL 1541513, *1 n.1 (C.D. Cal. Apr.3, 2015) ("[A] petitioner may not invoke federal habeas corpus jurisdiction to challenge state parental rights or child custody proceedings."); Meza v. Riley, 2011 WL 3565243, *2 (C.D. Cal. July 5, 2011) ("Because neither Petitioner nor her daughter are prisoners in state or federal custody within the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>**CIVIL MINUTES – GENERAL**</u>

| | |
|---|---|
| Case No.    5:23-cv-02559-SSS-AJR | Date:  December 21, 2023 |
| | Page 3 of 4 |

Title:        <u>Freddy Dawoud v. Jessica Kronstadt</u>

meaning of the statute, the Court lacks subject matter jurisdiction to entertain the [federal habeas] Petition."), <u>report and recommendation adopted</u>, 2011 WL 3565241 (C.D. Cal. Aug. 12, 2011).  Accordingly, this Court lacks jurisdiction over the action to the extent Dawoud seeks relief under 28 U.S.C. § 2254.

### B.    **<u>This Court Would Be Required To Abstain From Exercising Jurisdiction If The Action Were Construed As A Civil Rights Lawsuit.</u>**

To the extent this Court construes the Pleading as a civil rights complaint under 42 U.S.C. § 1983, this Court would be required to abstain from exercising jurisdiction because Dawoud is trying to interfere in an ongoing civil proceeding in state court.  As a general proposition, a federal court will not intervene in a pending state proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971); <u>World Famous Drinking Emporium, Inc. v. Tempe</u>, 820 F.2d 1079, 1082 (9th Cir. 1987) ("In <u>Younger v. Harris</u>, the Supreme Court held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances where the danger of irreparable loss is both great and immediate."); <u>Middlesex County Ethics Comm. v. Garden State Bar. Ass'n.</u>, 457 U.S. 423, 432 (1982) ("The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state interests are involved."). <u>Younger</u> abstention is required in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  <u>Middlesex County Ethics Comm.</u>, 457 U.S. at 432; <u>accord</u> <u>Commc'ns Telesystems Int'l v. Cal. Pub. Util.</u>, 196 F.3d 1011, 1015 (9th Cir. 1999).

Here, Dawoud's Los Angeles County Superior Court proceedings are ongoing.  <u>See</u> https://www.lacourt.org/casesummary/ui/, Search "BD588111."  Further, the superior court proceedings implicate important state interests.  <u>See</u> <u>Gordon v. Koppel</u>, 203 F.3d 610, 613 (9th Cir. 2000) (finding important state interests were implicated, and <u>Younger</u> abstention appropriate, where child custody proceedings were ongoing).  Finally, Plaintiff has an adequate opportunity to present his federal constitutional claims in the state proceedings, including by appealing the superior court's orders.  Accordingly, the Court would be required to abstain from exercising jurisdiction if the Pleading were

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-02559-SSS-AJR                              Date: December 21, 2023
                                                                                          Page 4 of 4

Title:  Freddy Dawoud v. Jessica Kronstadt

construed as a civil rights complaint.

### C.  The Only Defendant Is Immune From Suit.

The Court also notes that the only Defendant, Judge Jessica Kronstadt, is immune from Dawoud's claims because the claims are based on actions taken in Judge Kronstadt's judicial capacity.  (See Dkt. 1 at 87.)  Judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11–12 (1991).  Accordingly, all of Dawoud's claims against the sole defendant are barred based on judicial immunity.

## II.  DISPOSITION

For the foregoing reasons, Dawoud is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of jurisdiction.  On or before **January 11, 2024**, Dawoud shall file a response to this Order.  If Dawoud fails to timely respond to this Order, this action may be dismissed for failure to obey court orders and/or failure to prosecute.  If Dawoud no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for convenience.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).